[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 09-13260
Non-Argument Calendar

————————————————

Agency Nos. A099-555-193,
A099-555-194

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2010
JOHN LEY
CLERK

ADOLFO JOSE FERNANDEZ GUTIERREZ,
MARIANA CAROLINA MOLERO NEGRETTE,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.


————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(March 9, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Adolfo Jose Fernandez Gutierrez, the lead petitioner, and his wife, Mariana

Carolina Molero Negrette, a derivative beneficiary (collectively "petitioners"), are natives and citizens of Venezuela. They petition for review, through counsel, of the Board of Immigration Appeals's ("BIA") final order affirming the immigration judge's ("IJ") order finding them removable and denying their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). INA §§ 208(a), 241(b)(3), 8 U.S.C. §§ 1158(a), 1231(b)(3); 8 C.F.R. § 208.16(c). On appeal, the petitioners argue that substantial evidence does not support the IJ's adverse credibility determination.

In their asylum application, the petitioners stated that they sought asylum and withholding of removal based on political opinion and membership in a particular social group. The petitioners alleged that Fernandez Gutierrez was a political activist in opposition to President Hugo Chavez of Venezuela and, as a result, was subjected to humiliation, discrimination, torture, and attempts on his life. Fernandez Gutierrez, a Venezuelan lawyer, had been a member of a political party called "First Justice" for approximately four years at the time of the application, and he provided the party with legal advice regarding electoral rights and other party activities. The petitioners alleged and testified to several incidents that occurred in Venezuela that gave rise to their petition for asylum, withholding

2

of removal, and CAT relief. We find that the denial of asylum, withholding of removal, and CAT relief was based on substantial evidence, and therefore, we deny the petition.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well. *Id.* Here, the BIA followed the IJ's reasoning in support of the adverse credibility determination and ultimate denial of relief. Accordingly, we review the decisions of the BIA and the IJ. *See id.*

We review factual findings and credibility determinations under the substantial evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted). Under the substantial evidence test, we must affirm the IJ and BIA's decisions if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1284 (quotation and citation omitted). "To reverse a factual finding . . .[, we] must find not only that the evidence supports a contrary conclusion, but that it compels one." *Farquharson v. U.S. Att'y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001) (citation omitted). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc)

(citation omitted).

To establish eligibility for asylum, an alien must establish, with specific and credible evidence, (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); *Al Najjar*, 257 F.3d at 1287. An alien may qualify for withholding of removal by showing "it is more likely than not that [the petitioner's] life or freedom would be threatened on account of a statutorily protected factor if returned to [the country of removal]." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1243 (11th Cir. 2006) (citation omitted). To qualify for CAT relief, the applicant carries the burden of proof to establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1239 (11th Cir. 2007) (quoting 8 C.F.R. § 208.16(c)(2)).

Like any finding of fact, a credibility determination "may not be overturned unless the record compels it." *Forgue*, 401 F.3d at 1287 (citation and quotation omitted). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (per curiam). If the IJ and the BIA explicitly determine that the alien is not credible, they must give specific, cogent reasons for the adverse credibility

4

determination. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006) (per curiam) (citation omitted). "The burden then shifts to the alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Id.* (quotation and citation omitted). The IJ and the BIA may deny asylum based solely on an adverse credibility determination, especially when the alien does not produce corroborating evidence. *Id.* However, if an applicant produces evidence other than his testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." *Forgue*, 401 F.3d at 1287. "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (citation omitted).

Under 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by the REAL ID Act of 2005, the IJ may find an alien not credible based on the "totality of the circumstances" and may deny a claim based on inconsistencies, inaccuracies, and falsehoods contained in the evidence, without regard to whether they go to the "heart" of the claim. The REAL ID Act states that it "shall apply to applications for asylum, withholding, or other relief from removal made on or after" the date of its enactment, May 11, 2005. REAL ID Act, Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 305 (2005) (codified as amended by 8 U.S.C. § 1158(b)(1)(B)(iii)). Therefore, the REAL ID Act applies in this instance because the petitioners filed

5

their asylum application in February 2006.

Here, the IJ made an explicit adverse credibility determination and offered specific, cogent reasons for such determination. The IJ found and discussed in detail five specific instances of inconsistencies between Fernandez Gutierrez's testimony, the asylum application, and Negrette's testimony. The inconsistencies that the IJ found were derived from several different events, which include: (1) whether Fernandez Gutierrez went to a medical clinic after he was beaten at a signature-gathering event; (2) whether Fernandez Gutierrez went to the hospital in an ambulance with Negrette after being attacked at the "First Justice" headquarters on August 28, 2004; (3) how many people were kidnaped from a "First Justice" meeting in June 2005; and (4) whether a third vehicle or a Bolivarian party vehicle caused an accident with the petitioners on August 3, 2005.

Because the IJ and the BIA provided specific, cogent reasons for the petitioners' adverse credibility determination, the burden shifted to the petitioners to show that the decision was unsupported by such reasons or was not based on substantial evidence. *See Chen*, 463 F.3d at 1231. The petitioners' assertions on appeal fail to meet this burden. The inconsistencies found by the IJ and affirmed by the BIA are supported by the IJ and BIA's reasoning and the evidence in the record. Further, it is immaterial whether or not these inconsistencies go to the heart of the petitioners' claims because the REAL ID Act applies. Accordingly, we

6

deny the petitioners' petition for review regarding their application for asylum, withholding of removal, and CAT relief.

**PETITION DENIED.**